IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2181

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| MARKEITH HART, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and introduced a photograph of defendant. Defendant presented the testimony of the proposed third-party custodian, his cousin. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged by criminal complaint on 28 August 2014 with: possession of a firearm (*i.e.*, a handgun) after conviction for a crime punishable by a term of imprisonment

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

exceeding one year in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm (*i.e.*, a sawed-off shotgun) not registered in the National Firearm Registration and Transfer Record in violation of 26 U.S.C. §5861(d). The alleged offense date in each count is 2 May 2014.

The evidence presented at the hearing showed that the charges arise from a recorded, controlled purchase of the sawed-off shotgun from defendant, who was carrying the handgun, by a confidential informant on the alleged offense date. Defendant was on parole at the time for his North Carolina state conviction for felonious assault inflicting serious bodily injury, which involved defendant's role as the shooter in a drive-by shooting in 2012 when he was 16 years old. According to the government's evidence, defendant serves as an enforcer in a violent, drug-trafficking gang in Henderson, North Carolina, the Money Gang Mob ("MGM") or West End Gang. (The photograph the government introduced showed defendant wearing a tee shirt reading "West End Shooter.") Several shooting victims have specifically identified defendant as the person who shot them. Other gang members have also identified him as an active participant in MGM's violent and other criminal activities. Although defendant did not flee when he saw officers coming to arrest him on the instant federal charges, he has in the past been combative in his dealings with police. The testifying special agent described defendant as the most violent person in Henderson.

## **Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including their relative recency and defendant's commission of them while on state parole; defendant's criminal record, including the violent

felony conviction referenced, as well as a misdemeanor conviction for contempt of court (based on defendant's running from a courtroom in violation of instructions from the clerk and bailiff to remain); understatement by defendant's criminal activity by his criminal record given that much of his misconduct occurred while he was a minor and some of his victims were others involved in criminal activity who did not pursue prosecution of defendant (*e.g.*, drug dealers robbed by defendant); the danger of continued gun-related offense conduct by defendant if released; defendant's apparent marijuana habit; defendant's lack of a stable residence; the unsuitability of the proposed third-party custodial arrangement due to the presence of a minor in the home, the location of the proposed custodial home in Henderson, the proposed custodian's regular absence from the home for fulltime work, the proposed custodian's rejection of the evidence of defendant's participation in violent gang activity based on her conviction that defendant would not do such things, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8th day of September 2014.

                                                                 James E. Gates
                                                               United States Magistrate Judge